UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAVID C. BIGI, et. al.,

          Plaintiffs,

-v-


WRIGHT-PATT CREDIT UNION, INC.,

          Defendant.

Case No. 3:12-CV-216

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 4) AND TERMINATING CASE.**

---

Pending before the Court is Defendant Wright-Patt Credit Union's ("Defendant") Motion to Dismiss. Doc. 4. Defendant asserts that Plaintiffs David C. Bigi, Tina M. Bigi and Robert J. Bigi ("Plaintiffs"), have failed to state a claim upon which relief can be granted, because Plaintiffs have failed to plead a cause of action under the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3401 *et. seq.* Specifically, Defendant asserts that Plaintiffs have failed to state a claim because release of financial documents to a state agency is not covered by the Right to Financial Privacy Act , and release of documents to the federal government pursuant to a subpoena is exempt from the Right to Financial Privacy Act .

### I.     Factual Background

When reviewing a motion to dismiss, the Court must accept as true all factual allegations in the complaint. *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515, 92 S. Ct. 609, 614 (1972). Around February 2009, Detective Large ("Det. Large") of the Vandalia Police Department began investigating allegations of PIN or VIN flipping of heavy construction

equipment rentals.  Id. at ¶ 4.  At some point during the investigation, Plaintiffs David and Robert Bigi became suspects.  Id. at ¶ 5.  The investigation broadened to include multiple jurisdictions of local police as well as the Federal Bureau of Investigations ("FBI").  Id. at ¶ 6. The FBI eventually took a lead role in the investigation, and FBI Agent Wendy Surikov ("Agent Surikov") advised Det. Large to obtain bank records of David and Robert Bigi. Id. at ¶ 10. The FBI provided active and ongoing assistance to the investigation.  Id. at ¶ 8.

Plaintiffs allege two violations, the first germinating from actions taken on July 6, 2009, when Vandalia Police Detective Large drafted and allegedly obtained the signature of a Magistrate on an Order and Entry from the Vandalia Municipal Court.  Id. at ¶ 11.  The document ordered Defendant to provide all member account information, including but not limited to: account statements, copies of checks related to currency transaction reports, and any other documentation of suspicious activity for Plaintiffs from May 2006 to July 2009.  Id. at ¶ 12.  Defendant complied with the order on July 16, 2009.  Id. at ¶ 14.  Det. Large thereafter shared the information received from Defendant with the FBI.  Id. at ¶ 16.

The second alleged violation was in response to a subpoena F.B.I. Agent Surikov served Defendant on September 9, 2010.  The subpoena had been drafted by the U.S. District Attorney representing the United States of America in the case of *United States of America v. David C. Bigi and Robert J. Bigi*.  Id. at ¶ 17.  The subpoena was entitled "Subpoena to Testify at a Hearing or Trial in a Criminal Case."  Id.  The subpoena demanded production of the exact same information obtained in July 2009 by Vandalia Police.  Id. at ¶ 18. Without notice to Plaintiffs, Defendant sent the requested records to the U.S. Attorney's Office on December 2, 2010.  Id. at ¶ 19.

Plaintiffs filed a complaint seeking $10,000,000 in damages, plus costs and attorney fees. Defendant requests the Court to dismiss the action for failure to state a claim and to award costs of a previoulsy dismissed action under Federal Rule of Civil Procedure 41(d).

## II.     Legal Standard

The purpose of a motion under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint.  When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972). Although the Court must liberally construe the complaint in favor of the party opposing the motion to dismiss, *Kugler v. Helfant*, 421 U.S. 117, 125-26 n.5 (1975), it will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.  *Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956).  The Court will, however, indulge all reasonable inferences that might be drawn from the pleading.  *Fitzke v. Shappell*, 468 F.2d 1072, 1076-77 n.6 (6th Cir. 1972).

The Court is mindful that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also McLain v. Real Estate Bd.*, 444 U.S. 232, 246 (1980); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983).  The focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than on whether the plaintiff will ultimately prevail.  *Scheuer*, 416 U.S. at 236, 94 S. Ct. at 1686; *McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981).

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. *United States v. School District of Ferndale*, 577 F.2d 1339, 1345 (6th Cir. 1978). Federal Rule of Civil Procedure 8 requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint must afford the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Dunn v. State of Tennessee*, 697 F.2d 121, 125 (6th Cir. 1982); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). Thus, this Court will grant a motion for dismissal under Rule 12(b)(6) if there is an absence of law to support a claim of the type alleged, if the facts alleged are insufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See Rauch v. Day & Night Mfg.*, 576 F.2d 697, 702 (6th Cir. 1978); *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970).

### III.    Legal Analysis

The Right to Financial Privacy Act restricts the federal government's ability to access a person's financial records. *Ismail v. Old Kent Bank & Trust Co.*, 893 F.2d 1334 (6th Cir. 1990). A financial institution is subject to liability under the Right to Financial Privacy Act , 12 U.S.C. § 3401 *et. seq.*, for prohibited disclosures to a "government authority" as defined by the Right to Financial Privacy Act . 12 U.S.C. § 3403(a). A government authority includes any agent of a department of the United States. 12 U.S.C. § 3401(3). "Under the (Right to Financial Privacy Act), a government authority may not obtain a bank customer's financial records unless the records are reasonably described and 1) the customer has authorized the disclosure; 2) the disclosure is in response to an administrative summons; 3) the disclosure is in response to a search warrant; 4) the disclosure is in response to a judicial subpoena or 5) the disclosure is in response to a formal written request." *Ismail*, 893 F.2d 1334 (citing 12 U.S.C. § 3402).

4

Another exception permitting disclosure exists under 12 U.S.C. § 3403(c) which provides:

> Nothing in this chapter shall preclude any financial institution, or any officer, employee, or agent of a financial institution, from notifying a Government authority that such institution, or officer, employee, or agent has information, which may be relevant to a possible violation of any statute or regulation. Such information may include only the name or other identifying information concerning any individual, corporation, or account involved in and the nature of any suspected illegal activity. Such information may be disclosed notwithstanding any constitution, law, or regulation of any State or political subdivision thereof to the contrary. Any financial institution, or officer, employee, or agent thereof, making a disclosure of information pursuant to this subsection, shall not be liable to the customer under any law or regulation of the United States or any constitution, law, or regulation of any State or political subdivision thereof, for such disclosure or for any failure to notify the customer of such disclosure.

Courts have interpreted 12 U.S.C. § 3403(c) to apply not only to proactive disclosures by a financial institution, but also to disclosures in response to a direct inquiry from a government authority. *Giannone v. Bank of America, N.A., et. al.*, 812 F.Supp.2d 216, 226 (E.D.N.Y. 2011) (citing *Puerta v. U.S.*, 121 F.3d 1338 (9th Cir. 1997)); *Hu v. Park Nat'l Bank*, No. 07-C-844, 2008 WL 4686159, at *2-3 (N.D. Ill. May 8, 2008).  Moreover, "suspicion of a particular individual is only appropriate where the financial institution is providing unsolicited information to a federal authority."  *Sornberger v. First Midwest Bank*, 278 F. Supp. 2d 935, 940 (C.D. Ill. 2002).  Individualized suspicion is not necessary where an institution is responding to a request by a federal authority, as it is assumed relevancy forms the basis for the federal inquiry. *Id.*

The scope of information disclosed pursuant to 12 U.S.C. § 3403(c) is limited, and "may include only the name or other identifying information concerning any individual, corporation or account involved in and the nature of any suspected illegal activity."  12 U.S.C. § 3403(c). "Unpacked, that sentence supplies two limitations.  First identifying information must concern an

individual or account that is involved in suspected illegal activity.  Second, any other information must concern the nature of the suspected illegal activity." *Rufra v. U.S. Bankcorp, Inc.*, No. 3:05-CV-594-H 2006 WL 2178278, at *4 (W.D. KY July 28, 2006).  "The 'nature of the suspected illegal activity' has been defined broadly" by the federal courts. *Id.* (citing *Sornberger*, 278 F.Supp.2d at 942; *Miranda De Villalba v. Coutts & Co. (USA) Intern.*, 250 F.3d 1351, 1354 (11th Cir. 2001); *United States v. Lewis*, 411 F.3d 838 (7th Cir. 2005)).

Defendant asserts that Plaintiffs have failed to state a claim because: (1) Plaintiffs made bare assertions that Vandalia Police were acting as agents of the FBI; (2) The Right to Financial Privacy Act does not cover release of financial documents to state agencies; and (3) Release of financial documents to the Federal Government pursuant to a subpoena is exempt from the Right to Financial Privacy Act .  Plaintiffs' allegations provided sufficient notice to Defendant in order for Defendant to formulate a meaningful answer as to the claims against it.  As such, the standards provided under *Conley v. Gibson* for notice pleading have been satisfied.

Plaintiffs counter that Defendant violated the Right to Financial Privacy Act because Defendant disclosed account information to Vandalia Police who were acting as an agent of FBI, and because the correct procedural requirements were not followed when the FBI subpoenaed the same information at a later date.  Accepting all of the factual allegations in Plaintiffs' well-pleaded complaint as true, and making all reasonable inferences in favor of Plaintiffs, the Court finds Plaintiffs have failed to state a claim upon which relief can be granted.

As an initial matter, the Court must dismiss the first claim, as Plaintiff has not alleged that Defendant knew that Vandalia Police Detective Large was an agent of the F.B.I.  Assuming that Plaintiffs plead sufficient facts of a plausible agency relation between Vandalia Police and the FBI, Plaintiffs have not alleged that Defendant was aware of this.  Given that the Right to

Privacy Act does not apply to state actors, it would be nonsensical to require Defendant to divine

that these state actors were not state actors, but federal agents.  Cf. *Sornberger v. First Midwest*

*Bank*, 278 F. Supp. 2d 935, 938 (C.D. Ill. 2002) (bank employees disclosed financial information

in response to direct questioning by F.B.I. agents); and *Rufra v. U.S. Bankcorp*, 2006 WL

2178278 (W.D. Ky. Jul. 28, 2006) (bank employees disclosed to the F.B.I. agents "alongside"

local police).

The Court must dismiss both claims for failure to state a claim because Defendant was

permitted to divulge Plaintiffs' account information under 12 U.S.C. § 3403(c).  In the instant

case, Plaintiffs David Bigi and Robert Bigi were under investigation by local and federal law

enforcement for a possible PIN/VIN flipping scheme.  Both local and federal law enforcement

sought account records to identify suspicious transactions and the transfer of money from various

personal accounts to aid in identifying the fraudulent scheme. The Court agrees with the

rationale in *Giannone v. Bank of America*, 812 F. Supp. 2d 216 (E.D.N.Y. 2011) and finds that

release of Plaintiffs' account information could reveal the "nature of the suspected illegal

activity" and could aid in tracing the shuffling of money between accounts as a result of the

fraudulent scheme.  The fact that the law enforcement agencies initiated the contact with

Defendant is of no moment, as it has been well established that the exception under 12 U.S.C. §

3403(c) is applicable regardless of whether the financial institution acts proactively or in

response to a federal inquiry.  The inquiry made in this case by federal law enforcement

conducting investigations of the Bigis' alleged criminal activities was sufficient to satisfy the

relevancy requirement of § 3403(c).  Moreover, the fact that Tina Bigi was not named in the

criminal action is of little consequence.  Tina Bigi shared an account with David Bigi, and

consequently it was reasonable to suspect that money may have been shuttled to other accounts

in her name. Therefore, Tina Bigi's account information was possibly relevant to the ongoing federal investigation, and the account information went to the nature of the suspected illegal activity by the Bigis.  Moreover, individualized suspicion of criminal activity on the part of Tina Bigi was unnecessary under § 3403(c) because the disclosure was made in response to an inquiry by a federal authority.

As to Defendant's request for an award of costs, Rule 41(d) is intended to prevent vexatious litigation and forum shopping, especially by plaintiffs who, after suffering setbacks in one court, dismiss the case in order to try their luck somewhere else. *Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000) (internal quotations and citations omitted).  It is meant to prevent attempts to gain a tactical advantage by dismissing and refiling the suit. Id. The decision to award costs is within the discretion of the Court. Id.  Defendant has not established that Plaintiffs sought to gain a tactical advantage by dismissing and refiling.  Therefore, the Court will not award Defendant costs of defending the earlier filed action.

### IV.    Conclusion

Because disclosures made by Defendant were permissible under the Right to Financial Privacy Act , Plaintiffs failed to state a claim upon which relief can be granted.  The Court **GRANTS** Defendant's Motion to Dismiss (Doc. 4).  The captioned cause is hereby **TERMINATED** upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, April 22, 2013.[1]


s/Thomas M. Rose

---

[1] The Court acknowledges the valuable contribution and assistance of judicial extern Curtis Moore in drafting this opinion.